THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:24-CR-245-1FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | SENTENCING |
| | ) | SCHEDULING ORDER |
| KAI LIAM NIX | ) | |
|     Defendant | ) | |

Unless good cause is shown in motion why this date should be continued, or extenuating circumstances arise necessitating a continuance of this date at the court's initiative, the court will sentence defendant **at that term of criminal court commencing on December 9, 2025, in New Bern, North Carolina.**

To assist the court, the probation office shall prepare a presentence report ("PSR") regarding defendant. Accordingly, within **seven days** of defendant's adjudication of guilt, counsel for the government shall deliver to the probation office:

(1) all investigative reports, statements, and records pertaining to the offense of conviction and any relevant conduct; and

(2) in any case in which restitution may be ordered, all information needed by the probation officer to comply with victim restitution requirements, including but not limited to victim impact statements, names and current addresses/telephone numbers of victims, and loss amounts for each victim.

Within **14 days** of disclosure of the first draft of the PSR, the parties must deliver to the probation officer and the opposing party any objections to the PSR, or a signed acknowledgment indicating that the party has no objection. Objections must be set forth in writing and must identify

the specific paragraph or part of the paragraph in the PSR to which the objection is made. After receipt of the written objections from counsel, the probation officer shall conduct any further investigation that may be required, and counsel shall confer with the probation officer to attempt to resolve any contested issues. If requested by counsel, the probation officer must provide a copy of the party's objections to the court with the final PSR.

Not later than **seven days** before the sentencing hearing, the probation officer must furnish to the court, the defendant, defense counsel, and the attorney for the government the revised PSR and the addendum to the PSR setting forth any unresolved objections. The defendant and the government may file memoranda explaining their respective positions on the unresolved objections, with a copy to opposing counsel and the probation office. The parties should be prepared at the sentencing hearing to present evidence, arguments, and legal authorities related to any contested factual, legal, or guideline issues raised in any objection.

The court ordinarily does not permit oral testimony at time of sentencing concerning the character of the defendant but invites statements, letters, affidavits, or other written communication to be filed under seal and served on the government not later than **seven days** before the sentencing hearing. The documents and letters relied upon, if greater in number than five, should be separately indexed with brief description, including name of letter writer and relationship to defendant.

Absent extenuating circumstance, any motion, including one for departure or variance, and/or sentencing memorandum also shall be filed not later than **seven days** before the sentencing hearing. A motion regarding substantial assistance of the defendant, however, may be made at any time prior to sentencing. Motions to seal any documents related to sentencing will be heard at the time of sentencing without further notice from the court. The provisional sealing of any proposed sealed document will remain in place until disposition of the motion to seal. Any motion regarding

the substantial assistance of the defendant must be filed under seal. A separate motion to seal is not required.

Any motion seeking continuance of a sentencing hearing must be filed not later than **seven days** before the sentencing hearing. Absent extenuating circumstance, any motion filed after this deadline summarily may be denied.

SO ORDERED this the 17th day of September, 2025.

LOUISE W. FLANAGAN
United States District Judge